IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BLANCA CUEVAS**, | ) | |
| Plaintiff, | ) ) ) | Case No.: 2016 CV 4859 |
| -vs- | ) ) ) | Judge: |
| **TARGET CORPORATION**, a foreign corporation | ) ) ) ) | Magistrate: |
| Defendant | ) ) | |

### NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq.,* and *28 U.S.C. §1332,* Defendant, **TARGET CORPORATION,** by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Chicago, Illinois, Cause No. 2016 L 003277, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. On or about March 31, 2016, Plaintiff, Blanca Cuevas, initiated the above captioned lawsuit by filing a Complaint entitled *Blanca Cuevas v. Target Corporation,* docket No. 2016 L 003277, in the Circuit Court of Cook County, Chicago, Illinois. Plaintiff alleges that she was injured when she slipped and fell on a foreign substance on the floor of the Target store located at 1101 West Jackson Boulevard in Chicago, Illinois. A copy of the initial Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

2. On April 4, 2016, Plaintiff caused a Summons to be issued to Target Corporation. A copy of the summons is attached hereto as Exhibit "B".

3. Service was obtained on Target Corporation's registered agent on April 4, 2016.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a) Plaintiff, Blanca Cuevas, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation is the only legal entity named as a Defendant in this action and at the time the lawsuit was commenced and at all relevant times, it has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiff's Complaint herein, the damages sought in this action by Plaintiff is an amount in excess of $50,000.00, which is the jurisdictional limit of the Circuit Court of Cook County, Law Division. Plaintiff claims to have sustained internal and external injuries, medical expenses, a serious aggravation of preexisting conditions, disability, great pain and discomfort, impairment, inability to engage in her ordinary affairs, has lost and will in the future lose income (gains) and has incurred medical costs and past and future damages. Such allegations are sufficient to establish that the amount in controversy exceeds the jurisdictional minimum for diversity cases and triggers the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002); *Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010), a copy of which decision is attached hereto as Exhibit "C";

(d) Based upon the foregoing, it is Defendants' good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

2

(e) *Title 28 U.S.C. §1441(b)(2)* provides that a civil action otherwise removable solely on the basis of the jurisdiction under section *1332(a)* of this Title may not be removed if any of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought;

(f) There is complete diversity of citizenship between Plaintiff and Defendant here;

(g) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on Target Corporation;

(h) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a)*.

6. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE,** Defendant, **TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed

Respectfully submitted,

JOHNSON & BELL, LTD.,

By: /s/Robert M. Burke
Robert M. Burke, One of the Attorneys for
TARGET CORPORATION

ROBERT M. BURKE
JOHNSON & BELL, LTD.,
33 West Monroe Street, #2700
Chicago, Illinois 60603
Telephone: (312) 0770
burker@jbltd.com

3

| | |
|---|---|
| STATE OF ILLINOIS ) | 48755 |
| ) SS. | |
| COUNTY OF COOK ) | |

## IN THE CIRCUIT COURT OF THE TCOOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

BLANCA CUEVAS, )
)
    Plaintiff, )
)
vs. ) No.:
)
TARGET CORPORATION, )
A Foreign Corporation, )
)
    Defendant(s). )

### COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, BLANCA CUEVAS, by and through her attorneys, SALVATO & O'TOOLE, and complaining of the Defendant, TARGET CORPORATION, a foreign corporation, alleges and says:

1. On or about April 8, 2014, the Defendant, TARGET CORPORATION, was a foreign corporation authorized to do business in the State of Illinois.

2. On or about April 8, 2014, the Defendant, TARGET CORPORATION, owned, operated, managed, maintained and controlled the premises and its subsidiaries, known as Target, located at 1101 W. Jackson Boulevard, Chicago, IL 60607.

3. On or about, April 8, 2014, the Defendant, TARGET CORPORATION, invited the general public, including the Plaintiff, BLANCA CUEVAS, to come onto the Defendant's premises for the purposes of shopping therein.

4. At the time and place aforesaid, BLANCA CUEVAS, was an invitee and was lawfully on or about the premises then and there owned, operated, controlled, managed and

1



maintained by the Defendant, TARGET CORPORATION.

5. At all times mentioned herein, BLANCA CUEVAS, was in the exercise of ordinary care and caution for her own safety.

6. That at all times mentioned herein, it was the duty of the Defendant, TARGET CORPORATION, individually and through its agents and/or employees, to maintain said premises in a condition that was safe for individuals lawfully on the premises, including, BLANCA CUEVAS.

7. That due to the negligence of the Defendant, individually and by and through its employees, agents, and/or servants, the Plaintiff, BLANCA CUEVAS, was caused to sustain serious and severe injuries to her body when she fell on the floor of the Defendant's store.

8. That disregarding its duty as stated, the Defendant, its employees and agents, at the time and place aforesaid, were then and there guilty of one or more of the following acts or omissions of duty which proximately caused the injuries and damages of BLANCA CUEVAS, previously mentioned above and hereafter complained of:

(a) Carelessly and negligently owned, maintained and operated its retail store business;

(b) Carelessly and negligently failed to maintain a safe environment and thereby safeguard adequately persons lawfully on the premises;

(c) Carelessly and negligently allowed foreign objects and/or substances to remain on the floor in the premises heretofore described, so as to make the floor dangerous and unsafe for person in said store for lawful purposes;

(d) Carelessly and negligently failed to remove obstructions and/or substances, from the floor, specifically, the beauty aisle of the store where shampoos are located;

(e) Carelessly and negligently failed to barricade, tape-off, or warn Plaintiff, BLANCA CUEVAS of a wet substance on the floor where customers, including Plaintiff, were walking;

(e) Carelessly and negligently failed to place mats on the floor to absorb the wet substance on the floor, thereby safeguarding persons lawfully on the premises, including Plaintiff, BLANCA CUEVAS;

2

    (f)    Carelessly and negligently allowed foreign objects and substances to remain on the floor in the premises heretofore described, so as to make the floor dangerous and unsafe for person in said store for lawful purposes; and

    (g)    Was otherwise careless and negligent.

9.    That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, TARGET CORPORATION, a foreign corporation, the Plaintiff, BLANCA CUEVAS, was then and there injured, both externally and internally and suffered a severe shock to her nervous system, and bruises and contusions to her body, and sustained serious aggravation of pre-existing injuries and ailments, and became sick and disabled and will in the future suffer great pain and discomfort and physical impairment, and she has and will be kept from attending to her ordinary affairs and duties, and has lost and will in the future lose great gains which she otherwise would have made and acquired, and has become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, BLANCA CUEVAS, demands judgment against the Defendant, TARGET CORPORATION, a foreign corporation, in a sum greater than FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this suit.

                                      Respectfully submitted:

                                      SALVATO & O'TOOLE

                                      By: _____

                                      Paul G. O'Toole
                                      Attorney for the Plaintiff
                                      No. 48755

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (2/28/11) CCG N001 |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

2016L003277
CALENDAR/ROOM H
TIME 00:00
No. Premises Liability

BLANCA CUEVAS,

(Name all parties)

v.

TARGET CORPORATION, a Foreign Corporation.

Target Corporation

c/o CT Corporation

208 S. LaSalle St, #814, Chicago, IL 60604

## ⦿ SUMMONS  ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 48755
Name: Paul G. O'Toole - Salvato & O'Toole
Atty. for: Plaintiff
Address: 53 W. Jackson Blvd., Suite 1750
City/State/Zip: Chicago, IL 60604
Telephone: 312-583-9500

WITNESS, DOROTHY BROWN

Clerk of Court

Date of service: 4/4/16        MAR 3 1 2016
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



DEFENDANT'S EXHIBIT 13

4/6/2016                000125934G0001                6020160406004101

No *Shepard's* Signal™
As of: April 29, 2016 12:35 PM EDT

## Varkalis v. Werner Co.

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**
2010 U.S. Dist. LEXIS 84870; 2010 WL 3273493

MARY **VARKALIS**, as Independent Administrator of the Estate of MICHAEL **VARKALIS**, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [*1] For Mary **Varkalis**, estate of Michael **Varkalis**, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael **Varkalis** was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary **Varkalis**, as independent administrator of Michael **Varkalis**'s estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. **Varkalis** was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael **Varkalis** was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant

Robert Burke



motion to remand on the ground that the removal was untimely.

### III. ANALYSIS

#### A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. See, e.g., Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. Mortgage Elec. Registration Sys. v. Rothman, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

#### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction.[1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the ad damnum in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its ad damnum clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

"plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006). See also RBC Mortgage Co., 274 F. Supp. 2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); McCoy, 226 F. Supp. 2d at 941 (the 30-day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7 ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). See also Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)(citing Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

## IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**

---

[2] The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

Robert Burke